People v Davis (2021 NY Slip Op 07030)





People v Davis


2021 NY Slip Op 07030


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

111024
[*1]The People of the State of New York, Respondent,
v
Chane Davis, Appellant.

Calendar Date:November 12, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



Appeal from a judgment of the County Court of Clinton County (Lawliss, J.), rendered September 12, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree (three counts).
Defendant was indicted and charged with criminal possession of a controlled substance in the third degree (three counts) and conspiracy in the fourth degree. Following dismissal of the conspiracy count, defendant was afforded the opportunity to plead guilty to two counts of criminal possession of a controlled substance in the third degree in exchange for a prison term of eight years followed by three years of postrelease supervision upon each count — said sentences to run concurrently. After conferring with counsel, defendant, who had rejected earlier plea offers by the People, declined this offer as well, and the scheduled Huntley hearing ensued.
At the conclusion of the hearing, the People withdrew their most recent offer, and defendant was given the option of proceeding to trial or pleading guilty to the balance of the indictment with the understanding that sentencing would be left to the discretion of County Court. After speaking with counsel, defendant pleaded guilty to criminal possession of a controlled substance in the third degree (three counts), and the matter was adjourned for sentencing, at which time defendant asked for a prison term of six years upon each conviction, and the People requested a prison term of 12 years. County Court sentenced defendant as a second felony offender to a prison term of nine years — followed by three years of postrelease supervision — upon each conviction, said sentences to run concurrently. Defendant appeals.
Defendant contends that his sentence should be reduced in the interest of justice because he was penalized for exercising his right to a Huntley hearing and the sentence he received was harsher than the sentence imposed upon his purportedly more culpable codefendant. Neither of these arguments is preserved for our review, as defendant voiced no objection in this regard at the time of sentencing (see People v Hahn, 159 AD3d 1062, 1067 [2018], lv denied 31 NY3d 1117 [2018]). "In any event, the fact that defendant's sentence was greater than that offered during plea negotiations or was more severe than that received by . . . his codefendant[] does not constitute proof that he was penalized for exercising his right to [a Huntley hearing]" (id. at 1067 [citations omitted]). Moreover, although County Court — prior to the commencement of the Huntley hearing — indeed denied defendant's request for an adjournment to further consider the People's plea offer, the record reflects that defendant already had been afforded considerable time to ponder the various offers extended by the People. Finally, in light of, among other things, defendant's criminal history, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence [*2]in the interest of justice. Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.